# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMAURIAE GREENE,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 1:25-cv-01484-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 12)<br><br>**FOURTEEN-DAY DEADLINE** |

On October 29, 2025, Plaintiff Damauriae Greene, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Fresno Police Department and City of Fresno Superior Court. (ECF No. 1.)  On November 4, 2025, this matter was transferred from the Northern District of California to this Court. (ECF Nos. 5, 6.)  On November 6, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 8); however, from November 21, 2025, through December 2, 2025, Plaintiff's whereabouts were unknown until he filed a notice of change of address.  (ECF No. 9.)  With service of the Court's previous order completed, the Court screened the complaint and found that it failed to state a claim.  (ECF No. 12.)  The Court gave Plaintiff thirty days to file an amended complaint.  (Id.)  Plaintiff has failed to file anything, and therefore, the Court will issue findings and recommendations recommending dismissal for failure to state a claim and failure to prosecute.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  Id.; Fed. R. Civ. P. 12(h)(3).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this *sua sponte* screening requirement under 28 U.S.C. § 1915.

In his factual allegations, Plaintiff alleges the following: "I was unarmed at the time of the arrest they pulled guns out threats to shoot me an had me in jail for 3-4 days stressed mentally an physically." (ECF No. 1, p. 2) (sic). Plaintiff continues, "I've lost my job lost friends family an property I've bailed out for 1,000 plus co signer an was going to dry run court dates stressed an they dropped charges due to [insufficient] evidence lost money phones and [(illegible)] close friends an family an was homeless because my uncle kicked me out for this." (Id. at p. 3) (sic).

For relief, Plaintiff states that he is "suing for 'intentional and negligent infliction of emotional distress' and 'false arrest and false imprisonment' N.I.E.D./I.I.E.D. + 821.6 and 52.1 in the amount of: $20 million respectfully w/o prejudice." (Id.) (sic)

## III.

## DISCUSSION

### A.  Subject-Matter Jurisdiction and Legal Standard for Excessive Force

Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only cases that the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. See id. Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377.

From the complaint, it is unclear what the basis is for subject-matter jurisdiction in the federal courts—namely, federal question jurisdiction or diversity jurisdiction. Accordingly, the Court discussed in its screening order this requirement for both bases for Plaintiff's benefit. (See ECF No. 12.) The Court summarizes this again here.

Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states . See 28 U.S.C. § 1332. For example, if a citizen of New York sues a citizen of California for $75,001, a federal court would have subject-matter jurisdiction to hear that claim.

Federal question jurisdiction permits an individual—regardless of the value of the claim—to bring a claim in federal court if it arises under federal law, including the U.S. Constitution. See 28 U.S.C. § 1331. Federal question jurisdiction requires that the federal question appears on the face of a well pleaded complaint, is a substantial component of the complainant's claim, and is of significant federal interest. Federal question subject-matter jurisdiction is frequently derived from federal statutes granting a cause of action to parties who have suffered a particular injury.

Finally, the Court notes that 28 U.S.C. § 1367 provides for supplemental jurisdiction in federal courts. It allows a federal court to hear a claim over which it does not have independent subject-matter jurisdiction if the claim is related to a claim over which the federal court does have independent jurisdiction.

Here, Plaintiff identifies only claims of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NEID"). Both of these causes of action are creatures of state law and do not provide a basis for federal question jurisdiction. See Downey v. City of Riverside, 16 Cal. 5th 539, 547 (Cal. 2024) (discussing NIED under California law); Hughes v. Pair, 46 Cal. 4th 1035, 1050 (Cal. 2009) (discussing IIED under California law). Moreover, it would appear that diversity jurisdiction might not be available given that Plaintiff and all defendants are ostensibly citizens of California. Therefore, as pleaded, the Court appears to lack subject-matter jurisdiction over the matter.

That said, the Court observed in its screening order that Plaintiff might have been trying to assert a claim of excessive force, pursuant to the Fourth Amendment and brought through 42 U.S.C. § 1983. See Graham v. Conner, 490 U.S. 386, 394 (1989). Thus, the Court gave the legal standard for excessive force in its screening order and will summarize it again here. (See ECF No. 12.)

Section 1983 provides a cause of action for individuals who believe their federal rights have been violated by someone acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 639 (1980), citing 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, a plaintiff must show: (1) that the defendant deprived the plaintiff of a right secured by either the Constitution or laws of the United States; and (2) the defendant acted under color of state law. Heineke v. Santa Clara

4

Univ., 965 F.3d 1009, 1012 (9th Cir. 2020); Jensen v. Lane Cty., 222 F.3d 570, 574 (9th Cir. 2000).

As relevant here, an excessive force claim in the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham, 490 U.S. at 388. Objective reasonableness is determined based on the facts and circumstances at the moment of arrest without reference to the underlying intent or motivation of the officer. Id. at 397. Most importantly, the reasonableness of any particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

The reasonableness of an officer's use of force is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). In determining whether the force utilized is objectively reasonable, courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" Lowry v. City of San Diego, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc), quoting Glenn v. Washington Cnty., 673 F.3d 864, 871 (9th Cir. 2011). The government's interest in the force used is determined by assessing (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect actively resisted arrest or attempted to escape. Glenn, 673 F.3d at 871, citing Graham, 490 U.S. at 396. Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97.

Critically, Plaintiff has not sufficiently identified a state actor. As pleaded, Plaintiff does not state a claim for excessive force.

/ / /

/ / /

**B.     Federal Rule of Civil Procedure 8 Generally**

Furthermore, and relatedly, the Court finds that Plaintiff has not identified or supported any possible cognizable cause(s) of action because Plaintiff's factual allegations are lacking in the most basic of information.  In other words, instead of explaining to the Court of what happened relevant to a cause of action, Plaintiff has made no allegations that state the who, what, where, when, or why.  For example, Plaintiff does not allege who arrested him, who pulled guns on him, or who threatened him.  Further, Plaintiff does not allege what the circumstances were surrounding his arrest or what the threats were from whomever made them.  Even giving Plaintiff every reasonable inference, the Court is unable to construe any claim.

While Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible.  The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

**IV.**

**FAILURE TO PROSECUTE**

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Similarly, Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order, and the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)

6

the availability of less drastic sanctions.  See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each).  But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted.  The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff has failed to respond to the Court's December 22, 2025 order, the Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where the petitioner failed to timely respond to court order, noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges").  Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392 U.S. 40, 57 (1968).  The Court will recommend that the instant dismissal be a dismissal without prejudice, which addresses the fifth factor.

This case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears

Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order warrants the sanction of dismissal without prejudice under the circumstances.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to state a claim, failure to prosecute this action and/or failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **January 30, 2026**    

STANLEY A. BOONE
United States Magistrate Judge