# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMAURIAE GREENE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-01484 KES SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 12) |

Damauriae Greene filed a complaint against the Fresno Police Department, an unidentified "arresting officer", the City of Fresno, and Superior Court, seeking to hold the defendants liable for "intentional and negligent infliction of emotional distress" based on an alleged false arrest and false imprisonment. Doc. 1 at 3 (cleaned up). The magistrate judge screened the complaint and found it did not sufficiently establish a basis for federal question jurisdiction. Doc. 12 at 4. The magistrate judge found it appeared the court also lacked diversity jurisdiction over the matter. *Id.* Finally, the magistrate judge determined that Greene failed to plead sufficient allegations to support any claim and granted leave to amend. *Id.* at 3-6. The magistrate judge warned Greene that failure to amend would result in a recommendation of dismissal. *Id.* at 7. Greene did not file an amended complaint or otherwise respond to the order.

On January 30, 2026, the magistrate judge issued findings and recommendations, reiterating the findings in the screening order that the amended complaint did not include any

cognizable claims. Doc. 13 at 3-6. The magistrate judge found terminating sanctions were also appropriate for Greene's failure to obey the screening order and failure to prosecute, upon consideration of the factors identified by the Ninth Circuit. *Id.* at 7-8. Therefore, the magistrate judge recommended the matter "be dismissed without prejudice for failure to state a claim, failure to prosecute this action and/or failure to comply with the Court's order." *Id.* at 8.

The court served the findings and recommendations upon Greene and notified him that any objections were due within 14 days. Doc. 13 at 8. The court also informed Greene that failure to file objections within the specified time may result in the waiver of certain right on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).) Greene did not file objections, and the deadline to do so expired.

Consistent with the provisions of 28 U.S.C. § 636(b)(1), the court conducted a de novo review of the case. Having carefully reviewed the matter, the court concludes the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 30, 2026 (Doc. 36) are **ADOPTED** in full.

2. This action is **DISMISSED** without prejudice for failure to state a claim, failure to obey the court's order, and failure to prosecute.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 20, 2026

UNITED STATES DISTRICT JUDGE

2